```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PEDRO AGEITOS,                     :

                Plaintiff,         :
                                          06 Civ. 2001 (HBP)
    -against-                      :
                                          OPINION
NORTH SHORE COUNTRY CLUB,          :      AND ORDER

                Defendant.         :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By an undated notice of motion filed on December 10, 2008 (Docket Item 16), plaintiff seeks an Order pursuant to Fed.R.Civ.P. 60(b) "permit[ting] this matter [to] be returned to the calendar in order to ensure that the Defendant meets its obligation under the stipulation of settlement [i]n the above entitled matter."  The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, plaintiff's motion is denied for lack of subject-matter jurisdiction.

II. Facts

The facts relevant to the disposition of plaintiff's motion can be briefly stated.


Plaintiff was formerly employed by defendant as a sous chef, and was fired. He commenced this action on March 15, 2006, alleging that he was the victim of age discrimination. In June 2006, the parties consented to my exercising jurisdiction for all purposes.

In the first quarter of 2007, the parties engaged in settlement discussion, and it is undisputed that the parties reached an agreement in early April of that year to settle the matter for a payment of $12,000 from defendant to plaintiff. As a result of the parties' settlement, I issued an Order on April 11, 2007 (Docket Item 15), closing the matter. My Order provided:

> The parties having reported the resolution of this matter, it is hereby ORDERED that the complaint in this matter is dismissed with prejudice and without costs, subject to being reinstated within sixty (60) days of the date of this order for good cause shown.

There is no dispute that the $12,000 was never paid, but the parties do dispute why the settlement was never carried out. Plaintiff claims that he executed the releases and other documents defendant required to close the matter and that defendant, nevertheless, unreasonably delayed proceedings and refused to make payment. Defendant claims that it sent a release to plaintiff's counsel on April 17, 2007, but that plaintiff's counsel failed to execute it within sixty days. Defendant claims that plaintiff's failure to return the executed release within

sixty days of my April 11, 2007 Conditional Order of Dismissal absolves it of all liability under both plaintiff's age discrimination claim and the settlement agreement.[1]

III. Analysis

Plaintiff is not seeking to reopen this action to litigate the merits of his claim.  Rather plaintiff is seeking to reopen this matter to enforce the parties' settlement agreement. Unambiguous precedent from the Supreme Court teaches that, under the circumstances of this case, the Court lacks subject-matter jurisdiction to provide this relief.[2]

In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), plaintiff sued in state court for breach of contract; defendant removed the action to federal court on the

---

[1] In response to a request from plaintiff's counsel, defendant's counsel sent plaintiff a duplicate copy of the release defendant was requiring in March, 2008.  Defendant now claims that its counsel erred in sending these documents because, according to defendant, its obligation to live up to its settlement terminated when plaintiff failed to return the release within sixty days of the date of my April 11, 2007 Conditional Order of Dismissal (Affidavit of Gino A. Zonghetti, dated Dec, 17, 2008, ¶ 16).

[2] Although neither party raises any issue concerning the Court's subject-matter jurisdiction, a federal Court is always free to examine its subject-matter jurisdiction sua sponte. Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 488 n.10 (1999) Andrus v. Charelstone Stone Prods. Co., 436 U.S. 604, 607 n.6 (1978); Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977); Mansfield, Coldwater, & Lake Michigan R. Co. v. Swan, 111 U.S. 379, 382 (1884).

basis of diversity.  After the trial commenced, but before the jury reached a verdict, the parties entered into a settlement.  The parties read the terms of the settlement into the record in the presence of the assigned judge and a stipulation and order of dismissal was entered pursuant to Fed.R.Civ.P. 41(a)(1)(ii).  511 U.S. at 376-77.  The stipulation and order of dismissal did not reserve the Court's jurisdiction to enforce the settlement.  511 U.S. at 377.  The parties subsequently became involved in a dispute over whether the settlement required plaintiff to return certain materials to defendant, and defendant moved in the District Court to enforce the settlement.  511 U.S. at 377.  Plaintiff opposed the motion, asserting that the District Court lacked subject-matter jurisdiction to grant the relief sought.  511 U.S. at 377.  The District Court entered an Order enforcing the settlement, relying on its "inherent power" to do so.  511 U.S. at 377.  The United States Court of Appeals for the Ninth Circuit affirmed, finding that a District Court had the power to enforce settlement agreements in matters before it pursuant to its "'inherent supervisory power.'"  511 U.S. at 377.

The Supreme Court reversed, finding that the District Court lacked subject-matter jurisdiction to enforce the settlement.  After noting that federal courts are courts of limited jurisdiction and that the presumption in any case is that subject-matter jurisdiction does not exist, 511 U.S. at 377, the

Court found that Rule 41(a)(1)(ii) did not provide a basis for subject-matter jurisdiction.  511 U.S. at 378.  The Court then noted that defendant, like the plaintiff here, was not seeking to reopen the action to litigate the merits of the claims and counterclaims; rather, the plaintiff was seeking to enforce the settlement agreement.  511 U.S. at 378.  "Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  511 U.S. at 378.

The Court then examined whether the doctrine of ancillary jurisdiction, which invests federal courts with power to decide matters that are "incidental to other matters properly before them," provided a basis for subject-matter jurisdiction, and answered the question with a qualified no.  511 U.S. at 378-79.  The Court found that federal courts were generally authorized to exercise ancillary jurisdiction when it was necessary to do so "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ."  511 U.S. at 379-80.  The Court concluded that enforcement of a settlement that was not incorporated

in a judicial order of dismissal does not implicate either basis for ancillary jurisdiction.

> Neither of these heads supports the present assertion of jurisdiction.  As to the first, the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together.  No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court.
>
> But it is the second head of ancillary jurisdiction, relating to the court's power to protect its proceedings and vindicate its authority, that both courts in the present case appear to have relied upon, judging from their references to "inherent power," see App. to Pet. for Cert. A-2 and A-5; App. 180.  We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions.  We have recognized inherent authority to appoint counsel to investigate and prosecute violation of a court's order.  Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987).  But the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement.  The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.  That, however, was not the case here.  The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.
>
> The short of the matter is this:  The suit involves a claim for breach of a contract, part of the

>consideration for which was dismissal of an earlier federal suit.  No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.  The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.  If the parties <u>wish</u> to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.  When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.  Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.  Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

511 U.S. at 380-82 (emphasis in original).

<u>Kokkonen</u> has been routinely recognized in this Circuit as holding that, in the absence of an independent basis for subject-matter jurisdiction, a District Court lacks subject-matter jurisdiction to enforce terms of a settlement agreement unless the terms of the settlement agreement are incorporated in the order of dismissal or unless the settlement agreement expressly provides for the retention of jurisdiction for the

purpose of enforcing the settlement.  E.g., A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 78 (2d Cir. 2005); In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 98 (2d Cir. 2003); Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996); Kasperek v. City Wire Works, Inc., 03 CV 3986 (RML), 2009 WL 691945 at *2 (E.D.N.Y. Mar. 12, 2009); Mason Tenders Dist. Council, Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. Concore Equip. Inc., 03 Civ. 634 (RWS), 2008 WL 4443836 at *1-*2 (S.D.N.Y. Sept. 29, 2008); Dover Ltd. v. A.B. Watley, Inc., 04 Civ. 7366 (FM), 2007 WL 4358460 at *2 (S.D.N.Y. Dec. 17, 2007); Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 WL 691945 at *2 (E.D.N.Y. Mar. 12, 2009).

     Plaintiff here is seeking precisely the same relief that was at issue in Kokkonen.  As Kokkonen teaches, because plaintiff does not allege an independent basis for the Court's jurisdiction and because the settlement is not incorporated into a court order and does not reserve the Court's jurisdiction to enforce the settlement, plaintiff's motion must be denied for lack of subject-matter jurisdiction.[3]

---

[3] My conclusion that this Court lacks subject-matter jurisdiction does not leave the plaintiff without any potential judicial remedy.  Notwithstanding the fact that the underlying action was based on federal anti-discrimination laws, the settlement agreement constitutes a contract which is enforceable in a state court.  Kokkonen v. Guardian Life Ins. Co. of America, supra, 511 U.S. at 382.

8

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to reopen this matter to enforce the parties' settlement (Docket Item 16) is denied for lack of subject-matter jurisdiction. This Order does not constitute any expression of opinion concerning the merits of plaintiff's application.

Dated:  New York, New York
        September 15, 2009

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Carlos Gonzalez, Esq.
Suite 2211
Law Offices of Carlos Gonzalez
67 Wall Street
New York, New York  10005

Gino A. Zonghetti, Esq.
Kenny, Stearns & Zonghetti
26 Broadway
New York, New York  10004